IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ROBERT HEARD, : | |
| : | |
| Plaintiff, : | |
| : | NO. 7:13-CV-0025-HL-TQL |
| VS. : | |
| : | |
| SHENONDAH FIELDS, et. al., : | |
| : | |
| Defendants. : | |

## ORDER

Plaintiff **ROBERT HEARD,** a prisoner currently confined at Valdosta State Prison in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's trust account statement shows that he currently has no spendable funds and is unable to pre-pay any portion of the filing fee.[1]

However, under federal law, any prisoner who has had three or more prior complaints or appeals dismissed as frivolous or malicious or for failure to state a claim is barred from filing another complaint *in forma pauperis*, unless the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A review of court records on the U.S. District Web PACER Docket determined that Plaintiff has far exceeded the three "strikes" allowed by the PLRA. Plaintiff is in fact a frequent filer. He has filed dozens of federal complaints and appeals, and many of those have been dismissed and count as strikes under § 1915(g). Because of these

---

[1] Plaintiff did receive a $50.00 deposit on February 19, 2013. It was, however, the first deposit Plaintiff received in four years, and the sum of that deposit was withdrawn the same day and paid towards Plaintiff's outstanding obligations.

1

dismissals, Plaintiff may not proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff's initial Complaint in this case was lengthy and difficult to decipher. The undersigned was thus unsure whether Plaintiff had pleaded facts demonstrating an "imminent danger of serious physical injury." For this reason, Plaintiff was ordered to re-cast his Complaint and therein explain exactly which claim (or related claims) he wishes to pursue in this action.

Plaintiff has now filed a Recast Complaint (ECF No. 7), and his allegations are again barely legible. The Complaint seems to describe events occurring at various prisons between 2000 and 2013. Many of these events were the basis of his prior lawsuits. See e.g., Heard v. Danforth, 7:12-cv-0005-HL (M.D.Ga. Jan. 20, 2012) (dismissed pursuant to §1915(g)). The large majority of these allegations are thus descriptions of past injuries and do not describe an "imminent danger of serious physical injury" sufficient to exempt him from the "three strikes rule." See Medberry, 185 F.3d at 1193; Odum v. Bryan County Judicial Circuit, 2008 WL 766661 at * 1 (S.D. Ga. March 20, 2008) ("General and conclusory allegations not grounded in specific facts . . . cannot invoke the § 1915(g) exception.").

From what the undersigned can decipher of Plaintiff's Recast Complaint, the only allegation that may even arguably describe an imminent danger under §1915(g) is Plaintiff's claim that he is *currently* being denied needed dental care and that his mouth is *presently* "infected and swollen." (Recast Complaint at p. 12). The Complaint alleges that both "Dr. Pye" and an unnamed "dentist" are aware of Plaintiff's dental problems and have refused to provide him treatment. (Id.) Plaintiff accordingly requests that he be awarded damages for his "physical suffering" and that his "mouth" be "fixed . . . before [he goes] home." (See id. at 13).

However, neither Dr. Pye nor the unidentified dentist are named as parties to this action.

Warden Cedric Taylor at Valdosta State Prison (Plaintiff's present place of incarceration) is named as a party; yet, Plaintiff fails to connect Warden Taylor to the alleged denial of dental care or allege any of the prerequisites for imposing supervisory liability on the part of this Defendant. See Gross v. White, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007)).  Thus, as to this claim, Plaintiff has failed to identify any Defendant from which he could recover damages under § 1983.

Nonetheless, because Plaintiff's Complaint, when liberally construed in his favor, appears to allege that Plaintiff has an infected and swollen mouth that may place him in "imminent danger of serious physical injury" if not treated, the undersigned will allow Plaintiff's claim for injunctive relief – i.e., his request for needed dental care – to go forward.  For this reason, the undersigned will keep **Warden Cedric Taylor** a party to this action, but only to the extent that Warden Taylor has the authority to provide the requested relief if an injunction is issued.  Plaintiff's Motion to Proceed *in forma pauperis* is **GRANTED** only for the purpose of this claim.

It is therefore **ORDERED** that service be made on Warden Taylor and that he file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is reminded of the duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service.  It is **RECOMMENDED** that all other Defendants and claims be **DISMISSED**. See 28 U.S.C. §§ 1915(g).  Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. See 28 U.S.C. § 636(b)(1).

Neither Plaintiff's "Motion to Enlighten the Court" (ECF No. 6) nor his "Motion to Advise the Court" (ECF No. 11) appear to make any specific request or amendment to the Recast Complaint.  Those "Motions" are accordingly **DISMISSED** as frivolous.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not

4

commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting

authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

As previously ordered (ECF No. 5), the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 20th day of May, 2013.

s/**THOMAS Q. LANGSTAFF**
UNITED STATES MAGISTRATE JUDGE

jlr