IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ROBERT HEARD, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : 7 : 13-CV-25 (HL) |
| | : |
| WARDEN CEDRIC TAYLOR, | : |
| | : |
| Defendant. | : |

**ORDER AND RECOMMENDATION**

Presently pending in this *pro se* prisoner action brought pursuant to 42 U.S.C. § 1983 are Defendant's Motion to Dismiss, and Plaintiff's miscellaneous Motions. (Docs. 17, 19, 21).

**Background**

Plaintiff filed this action alleging claims ranging from 2000-2013. (Doc. 7). Pursuant to an initial review, the undersigned determined that Plaintiff would be allowed to proceed on a claim of injunctive relief against Defendant Cedric Taylor, the warden at Valdosta State Prison ("VSP") at the time this Complaint was filed. (Doc. 12). In his Recast Complaint, Plaintiff alleges that his mouth is infected and swollen, and requests that it be fixed before he is released from prison. (Doc. 7).

*Motion to Dismiss (Doc. 21)*

Defendant filed a Motion to Dismiss on August 8, 2013, asserting that the Recast Complaint should be dismissed, in part, due to Plaintiff's failure to exhaust his administrative remedies. In regard to exhaustion of administrative remedies, the Prison Litigation Reform Act ("PLRA") mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to

filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Claims for injunctive relief must be exhausted. *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001) (under 1917e(a) an inmate must exhaust his remedies, irrespective of the form of relief sought); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (the plaintiff is required to exhaust his claims for monetary and injunctive relief).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in Defendant's Motion and Plaintiff's Response reveals a conflict. In Plaintiff's Response, Plaintiff appears to maintain that he does not have to exhaust the administrative remedies, and that he filed grievances but the grievances cannot be found. (Doc. 25). Defendant contends that Plaintiff failed to exhaust the administrative remedies available to him regarding the claim alleged in his Recast Complaint. (Doc. 21-1). Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the *Turner* analysis. In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

Complete administrative exhaustion is a precondition to filing a lawsuit. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper." *Woodford*, 548 U.S. at 89-92. To remedy a prison complaint, Plaintiff is required to complete a two (2) step grievance process consisting of an original grievance and a central office appeal. Georgia Dep≠t of Corrections SOP IIB05-0001 § VI (Dec. 2012); (Docs. 21-2, 21-3). An inmate "may file a grievance about any condition, policy, procedure, or action or lack thereof that affects the offender personally." Georgia Dep≠t of Corrections SOP IIB05-0001 at § VI.B.1.

Defendant contends, and supports with an affidavit from Shawn Emmons, the Deputy Warden of Care and Treatment at VSP, that Plaintiff did not exhaust the administrative remedies available to him regarding the allegations stated in the Recast Complaint. (Doc. 21-2, Emmons Aff.). The affidavit testimony establishes the presence of a grievance system at VSP. (*Id.*).

Mr. Emmons testified that he reviewed Plaintiff's grievance history while Plaintiff was housed at VSP. (*Id.* at ¶ 18). "Plaintiff has not filed any grievance whatsoever where he has requested and been denied access to a dentist or other medical professional to examine an alleged infected or swollen mouth." (*Id.* at ¶ 19). Further, "[i]t does not appear that Plaintiff has filed any grievance whatsoever relating to any dental issues." (*Id.* at ¶ 20).

In his Response to Defendant's Motion to Dismiss, Plaintiff appears to assert that he did not need to exhaust the administrative remedies in this case. (Doc. 25). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life[.]" *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The denial of dental treatment must be exhausted, and thus Plaintiff was required to completely exhaust the administrative remedies available to him. *See Thomas v. Bryant*, 614 F.3d 1288, 1303 n. 15 (11th Cir. 2010) (a claim of deliberate indifference must be

3

exhausted prior to filing suit).

Plaintiff also states generally that he filed grievances related to the claims alleged in his Recast Complaint.  (Doc. 25).  Plaintiff does not assert that he exhausted a grievance related to his dental treatment, or that he even filed a grievance about his dental problems.  Further, Plaintiff has not provided copies of any grievances to refute Defendant's evidence.  As such, the Court is not persuaded by Plaintiff's self-serving statement that he has filed grievances related to this action.

The Court finds that Plaintiff has not exhausted the claim underlying this lawsuit, in that, he failed to utilize the available administrative remedies to grieve the alleged offense of Defendant.  Thus, it is the recommendation of the undersigned that Defendant's Motion to Dismiss be **GRANTED.**    Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Miscellaneous Motions*

Plaintiff has filed two Motions, which are difficult to decipher.   (Docs. 17, 19).   In the Motion filed on June 13, 2013, Plaintiff requests a polygraph test, and Plaintiff states that he wants several individuals "gone" until the case is resolved.  (Doc. 17).   In the Motion filed on August 8, 2013, Plaintiff asks the Court to bring criminal charges against Superior Court Judges James Tunison and Richard Smith. (Doc. 19).   Plaintiff has not provided adequate information to support any of these requests, and "[o]nly the Department of Justice, through the United States Attorney's Office, is authorized to initiate criminal actions."   *Holcomb v. Collier Circuit Court*, 2006 WL 4821448, *3 (M.D. Fla., Nov. 28, 2006).   Thus, after consideration by the Court,

Plaintiff's Motions (Docs. 17, 19) are hereby **DENIED.** Plaintiff also asks that non-parties Jewell and Tolbert be dismissed from the case. (Doc. 19). As these two individuals were not named in this action, this request is **found to be moot.**

**SO ORDERED AND RECOMMENDED**, this 24th day of October, 2013.

s/ *THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

llf